In the Matter of Proving the Last Will and Testament of Thomas O'Grady, Deceased, as a Will of Real and Personal Property. Sarah Donohue, Named as Executrix in the Last Will and Testament of Thomas O'Grady, Deceased, Appellant; Mary Martin and David S. Hill, as Special Guardian for Unknown Heirs, etc., Respondents.— Decree of the Surrogate's Court of Nassau county, denying probate and dismissing petition, reversed on the law, with costs, payable out of the estate, to appellant to abide the event, and matter remitted to the Surrogate's Court for a new trial of the framed issues. Although there was a waiver by contestant pursuant to section 354 of the Civil Practice Act (*Matter of Ackerman*, 163 Misc. 624), all of the hospital records were not admissible in evidence under section 374-a of the Civil Practice Act. While part of the records were made by nurses in the regular course of hospital procedure, there was no proof that the doctors made their entries in the regular course of the conduct of the hospital. Entries of observations of, and services rendered by, doctors and nurses to patients, when otherwise admissible, may be admitted in evidence if made in the regular course of the conduct of a hospital. But the record of the opinions of doctors with reference to the disorder of the patient are not admissible. (*Goodkin* v. *Brooklyn & Queens Transit Corp.*, 241 App. Div. 737; affd., 265 N. Y. 638.) Entries expressive of the opinions of several doctors in the hospital record received in evidence were erroneously admitted. Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ., concur.